UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiffs,

    v.

THE CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 10-4641 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion to dismiss plaintiffs' second, third, and fourth causes of action came on for hearing before the court on November 9, 2011. Plaintiffs appeared through their counsel, Dow Patten. Defendant City and County of San Francisco ("CCSF") appeared through its counsel, Rafal Ofierski. Having reviewed the parties' papers and carefully considered the parties' oral arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss, for the reasons stated at the hearing, and summarized as follows:

    It is generally true, as defendant argues, that claims asserted pursuant to 42 U.S.C. § 1981 require a contractual relationship. See Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). It is also true that California law establishes that public employees hold their positions as a result of statute rather than contract. See, e.g., Miller v. State, 18 Cal. 3d 808, 813 (1977). However, pursuant to Judie v. Hamilton, courts have generally been expanding the scope of claims that plaintiffs, notwithstanding their public status, may nonetheless assert against a public employer pursuant to section 1981. See 872 F.2d 919 (9th Cir. 1989); see, e.g., Ramirez v. Kroonen, 2002 WL 1837932 (9th Cir., Aug. 12, 2002)(allowing denial of promotion claim to proceed under section ); see also White v.

Davis, 68 P.3d 74 (Cal. 2003)(affirming that public employees hold their position as a result of statutes rather than contracts but noting that once "a public employee has accepted employment and performed work for a public employer, the employee obtains certain rights arising from the legislative provisions that establish the terms of the employment relationship-rights that are protected by the contract clause of the state Constitution from elimination or repudiation by the state"). These recent developments in the case law suggest that, where a plaintiff clearly alleges an act of discrimination that goes directly to the heart of a tangible right - i.e., promotion, right to earned compensation - then a claim may go forward pursuant to section 1981. However, where the plaintiff alleges only generalized intentional discrimination in the workplace, no contractual rights are implicated, and a claim under the statute is precluded.

Here, plaintiffs' first amended complaint includes allegations that are similar to – albeit more recent than – the allegations made by plaintiffs in a similar case, Lam v. CCSF, C 08-4702 PJH ("Lam I"). In Lam I, the court dismissed plaintiffs' section 1981 claims, on grounds that plaintiffs had alleged insufficient facts to establish any contractual employment right. Because the allegations here are similar to those made in Lam I, defendant now argues that the court's prior ruling should apply to the present action with equal weight.

The court agrees. Although plaintiffs have attempted to avoid the infirmities present in Lam I by including allegations that the plaintiffs were explicitly denied promotions and the opportunities for promotion on the basis of race, these allegations are at best conclusory, and devoid of factual details sufficient to establish a plausible claim for relief pursuant to section 1981 (such as factual allegations answering the who, what, where and when questions regarding alleged promotion denials). Stripped of the cursory allegations regarding promotion denials, plaintiffs' underlying complaint is remarkably similar to the complaint in Lam I, and generally alleges what can best be characterized as generalized intentional discrimination in the workplace.

Accordingly, and based on the foregoing, defendant's motion to dismiss the second,

third, and fourth causes of action in the first amended complaint is GRANTED. Plaintiffs are granted leave to amend, however, in order to allege additional facts that would be sufficient to support the existence of a contractual employment right pursuant to section 1981. Plaintiffs are granted 28 days from the date of this order, or until December 7, 2011 to file their amended complaint.

**IT IS SO ORDERED.**

Dated: November 9, 2011

PHYLLIS J. HAMILTON
United States District Judge