UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiff(s),

    v.

THE CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendant(s).

No. C 10-4641 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

This matter came before the court on June 6, 2012, for hearing on defendantss motion to dismiss plaintiffs' third amended complaint ("TAC") filed in this action which is referred to as Lam II. Plaintiffs appeared through counsel, Dow Patten; defendants appeared through counsel Rafal Ofierski. The court's ruling is stated in detail on the record and is summarized and modified as follows.

Defendants move to dismiss the TAC, at least in part, because the issue of whether plaintiffs were discriminated against by failing to assign them to acting supervisory positions was litigated in Lam I and because principles of res judicata bar plaintiffs from relying on allegations in Lam II that pre-date the September 2, 2011 close of discovery in Lam I, because such allegations either were or could have litigated in Lam I. Defendants additionally make meritorious arguments that the section 1981 and 1983 claims that precede October 14, 2008 are time-barred and that portions of plaintiff Leiato's Title VII and FEHA claims are untimely. With regard to the latter two arguments, the court finds in favor of defendants and orders that the section 1981 and 1983 claims to the extent they rely on pre-October 14, 2008 conduct are time-barred; that Leiato's Title VII claims can commence

1  no earlier than June 27, 2012, and her FEHA claims no earlier than August 27, 2009.  This
2  ruling is, however, of no consequence given the other limitations imposed by the court.
3        According to plaintiffs, the essence of <u>Lam</u> II and what they seek to litigate is the
4  failure to promote/assign them to acting supervisory roles as a way of ensuring that they
5  remained "unpromotable" or less likely to be promoted to supervisory roles because of their
6  race or nationality.  Plaintiffs insist that they did not assert this claim in <u>Lam</u> I and have not
7  yet had a fair opportunity to litigate this issue because the court denied their request to
8  supplement the <u>Lam</u> I complaint with this allegation and denied their request to consolidate
9  <u>Lam</u> II with <u>Lam</u> I so that both the discriminatory discipline issues asserted in <u>Lam</u> I could
10 be heard with the failure to promote issues asserted in <u>Lam</u> II.  While the court's review of
11 the TAC in <u>Lam</u> I does reflect that the main focus of the allegations was on unequal
12 discipline, claims of failure to promote do in fact appear in the TAC in <u>Lam</u> I.  More
13 importantly, however, significant discovery was requested and produced surrounding the
14 promotion issue and the issue was argued at length by plaintiffs in their opposition to and at
15 the hearing on defendants' motion for summary judgment in <u>Lam</u> I.  The court finds that it is
16 simply disingenuous for plaintiffs, whose opposition brief commences with a discussion of
17 the promotion issue in the introduction and facts sections, to now claim that the promotion
18 issue was not litigated at all in <u>Lam</u> I.  Indeed, both sides appear to have totally conflated
19 both cases with regard to discovery and summary judgment motions, notwithstanding the
20 absence of any formal consolidation of the two cases.
21       Accordingly, the court applies res judicata principles, as urged by defendants, to the
22 issues actually litigated and resolved by the court in its summary judgment ruling in <u>Lam</u> I,
23 including both discipline and promotion issues, and those issues that plaintiffs could have
24 brought based on conduct occurring prior to the filing of the TAC, February 22, 2010.  Thus,
25 the motion to dismiss the TAC is granted to the extent the allegations rest on any of the
26 following actions or on any actions by defendants against the plaintiffs up to February 22,
27 2010:
28

1. **Chin**: March 2007 admonishment, September 2007 admonishment, February 2010 failure to promote, failure to promote/assign to acting supervisory role up to the February 22, 2010 filing of the TAC.

2. **Chen**: January 2007 complaint re Williams, April 2007 30-day suspension, 2007-2008 use of profanity by Williams, October 2007 scolding by Radogno, 2004-2008 scoldings by Young.  No claims were made regarding the acting supervisory assignments for Chen, and given his December 2009 retirement, the court sees no basis for Chen remaining in **Lam II** the case.  Plaintiffs shall dismiss him, or if they decline to do so, defendants may move for his dismissal.  Costs will be awarded to defendants should such a motion be successful.

3. **Lam**: The numerous so-called disciplinary actions noted by Lam occurring in March 2006, May 2006, July 2006, April 2007, August 2007, March 2008, May 2008, June 2008, and October 2009 and the failure to promote/assign him to an acting supervisory role up to the February 22, 2010 filing of the TAC.

4. **Leiato**: March 2007 15-day suspension, being sent home for tardiness in December 2008, and the July 2010 denial of request to leave early.  No claims were made regarding the acting supervisory assignments for Leiato.

Plaintiffs also argue, however, that because their motion to supplement the TAC in **Lam I** was denied, that they have not had an opportunity to litigate the facts with which they attempted to supplement the TAC.  Plaintiffs specifically argued in their motion to supplement that they were denied promotions due to their race, national origin, and previous complaints against defendants in or about March 2010, and that on dates subsequent to March 2010, there were several events resulting in harassment, discrimination and retaliation.  Given that these events had not occurred at the time the operative complaint in **Lam I** was filed, the court agrees that plaintiffs are entitled to litigate these post March 2010 allegations.  Even though at the hearing the court specifically limited plaintiffs to the promotion issue, upon a further review of the motion to supplement

3

and the TAC in **Lam II**, the court has determined that all conduct alleged to have occurred **in or after** March 2010, is actionable as none of it, except the July 2010 denial of request to leave early for Leiato, was previously litigated.  Thus, plaintiffs will not be limited to just the promotion issue, but they will be limited temporally to conduct occurring in or after March 2010.

No discovery from Lam I shall be duplicated and the court will not revisit discovery rulings on the merits already made by Magistrate Judge Beeler.  Otherwise, the parties should proceed with discovery as necessitated by the complaint as limited by this order.  Additionally, the parties shall meet and confer and submit a stipulation as to a discovery deadline and a date for dispositive motions within 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: June 8, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

4