UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

       Plaintiff(s),

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

       Defendant(s).
_____/

No. C 10-4641 PJH

**ORDER DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE**

Before the court is plaintiffs' motion for appointment of pro bono counsel. The court notes that, at a case management conference held on May 29, 2014, the court referred the plaintiffs to the Legal Help Center of this court, and gave the plaintiffs 90 days to search for an attorney and to participate in a settlement conference with a Magistrate Judge. See Dkt. 78. Plaintiffs' current motion is not clear in indicating whether they actually did contact the Legal Help Center – plaintiff Lam's declaration states only that he "went to US District Court in Oakland seeking counsel assistance under 'Federal Pro Bono Project program,'" and that "the request for Pro Bono counsel's assistance was [] denied." See Dkt. 82 at 9. Before ruling on plaintiffs' motion, all plaintiffs must file a declaration indicating whether they contacted the Legal Help Center as directed by the court at the May 29 case management conference. If they have not done so, they must each do so before the court considers any motion to appoint counsel. Because plaintiffs have already been given 90 days to find counsel, they must proceed with the settlement conference (with or without counsel), scheduled for August 21, 2014.

      Because the motion is deficient in several respects, it is DENIED. However, the court takes this opportunity to advise plaintiffs as to what they need to address in any renewed motion for appointment of counsel. Because plaintiffs in civil litigation are not at risk for losing their liberty if they lose the litigation, there is no right to counsel. See Lassiter

v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Simply stated, there is no constitutional right to appointed counsel for employment discrimination claims, Ivey v. Bd. of Regents, 673 F.2d 266, 269 (9th Cir. 1982), nor are funds available in this court (or any federal court) to compensate counsel appointed in civil cases.

The 1964 Civil Rights Act provides for appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981); see 42 U.S.C. § 2000e-5(f)(1).  In this district, if the court finds that a plaintiff meets certain criteria, the court may refer the case to the Federal Pro Bono Project, which will attempt to locate a volunteer attorney to represent that plaintiff, as the court has no power to make coercive appointments of counsel.  The Federal Pro Bono Project was established by the San Francisco Bar Association for the purpose of assisting indigent Title VII plaintiffs or indigent incarcerated civil rights plaintiffs to secure legal representation.  Under Bradshaw, the court is required to assess three factors: 1) the plaintiff's financial resources, 2) the efforts made by the plaintiff to secure counsel, and 3) whether the plaintiff's claim has merit. Bradshaw, 662 F.2d at 1318.

The second amended complaint asserts section 1983 and 1981 claims as well as Title VII claims.  A request for appointment of counsel in section 1983 cases are typically sought pursuant to 28 U.S.C. § 1915(e)(1).  A district court may request that counsel represent a litigant who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1), but that section does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).  The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

While not identical, these two standards both require the indigence of the plaintiff. Here, while all three plaintiffs signed the motion, only plaintiff Lam filed a declaration. With regard to plaintiffs' financial resources, plaintiff Lam's declaration appears to say that only his income qualified for the Federal Pro Bono Project, and that the income of the other two plaintiffs did not. Once again, it is not clear if Lam is referring to the Legal Help Center when he uses the term "Federal Pro Bono Project." In any event, the court must assess the financial resources of <u>each</u> plaintiff before ruling on the motion that all three have brought. In a typical civil case, an application to proceed *in forma pauperis* ("IFP") would suffice. However, in this case none of the plaintiffs filed IFP applications, but instead paid the filing fees and commenced the case with retained counsel who steered the litigation from October 14, 2010 until May 13, 2014. Thus, none of the plaintiffs would qualify for appointment of counsel under 28 U.S.C. § 1915(e)(1). The lack of IFP status would not necessarily preclude plaintiffs from establishing their current indigence under the Title VII standard. Accordingly, any renewed motion must be accompanied by a declaration from each plaintiff who seeks pro bono representation, setting forth the information requested in the IFP applications available on the court's website and from the Clerk's Office.

With regard to efforts to obtain legal representation, plaintiff Lam's declaration indicates that "[s]everal hundred law firms or counsels in the SF Bay Area have been contacted or provided case information," but that none have agreed to take the case. See Dkt. 82 at 9. Plaintiff has not, however, named a single attorney he has contacted in his attempts to secure counsel. The declaration in support of any renewed motion must provide the names of some of the attorneys contacted and the dates and manner of the contact.

With regard to the merit of the pending claims, plaintiff Lam's declaration describes this case as meritorious and complex, but does not explain how this case would likely be decided differently than their first case, <u>Lam v. CCSF</u>, C 08-4702, in which the court granted summary judgment for defendants based on similar claims, which judgment was

3

affirmed by the 9th Circuit. The declaration in support of any renewed motion must address this issue.

In conclusion, plaintiffs must comply with the court's prior order to visit the Legal Help Center and attend a mandatory settlement conference with Magistrate Judge Ryu on August 21, 2014. Additionally, if plaintiffs choose to file a renewed motion for appointment of pro bono counsel, it must comply with the requirements set forth above.

**IT IS SO ORDERED.**

Dated: July 25, 2014

PHYLLIS J. HAMILTON
United States District Judge