UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

        Plaintiffs,

        v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

        Defendants.
_____/

No. C 10-4641 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

On September 17, 2014, plaintiffs filed a "motion for reconsideration of appointing pro bono counsels to assist plaintiffs' ongoing litigation process." As an initial matter, the court will construe this motion as a renewed motion for appointment of pro bono counsel, as the court denied, without prejudice, plaintiffs' previous motion for appointment of pro bono counsel on July 25, 2014.

The court's previous order noted that plaintiff's motion was "deficient in several respects," and took the "opportunity to advise plaintiffs as to what they need to address in any renewed motion for appointment of counsel." See Dkt. 83. The court then noted that "there is no constitutional right to appointed counsel for employment discrimination claims." Id. at 2. However, the court does have discretion to appoint volunteer counsel in certain limited circumstances.

In Title VII cases, the court must assess three factors: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit. Bradshaw v. Zoological Soc. of San Diego, 662 F.3d 1301, 1318 (9th Cir. 1981). In section 1983 cases, the court may ask counsel to represent an indigent client (who is proceeding *in forma pauperis*) only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the

complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

In its previous order, the court noted that the standards were not identical, but that each required the indigence of the plaintiffs. Because plaintiffs' motion did not provide the court with information regarding the financial resources of each plaintiff, and because none of the plaintiffs had filed IFP applications but had instead paid the filing fee, the court advised plaintiffs that "any renewed motion must be accompanied by a declaration from each plaintiff who seeks pro bono representation, setting forth the information requested in the IFP applications available on the court's website and from the Clerk's Office." Dkt. 83 at 3. Plaintiffs' renewed motion states only that plaintiff Chen receives approximately $1100 per month in pension income, and provides no specific financial information regarding plaintiffs Lam and Leiato, except to say that Lam was told by the Legal Help Center that neither he nor Leiato qualified for pro bono services as their incomes were too high. This showing falls far short of the detailed financial information required by the IFP application. As a result, the court cannot properly assess the financial resources of the plaintiffs, and thus, cannot make a determination as to whether appointment of counsel is warranted under either Bradshaw or Terrell. On that basis alone, plaintiffs' motion is DENIED.

In addition, under either Bradshaw or Terrell, the court is required to assess the merits of plaintiffs' legal claims. In its previous order, the court noted that plaintiffs had not "explain[ed] how this case would likely be decided differently than their first case, Lam v. CCSF, C 08-4702, in which the court granted summary judgment for defendants based on similar claims, which judgment was affirmed by the Ninth Circuit." Dkt. 83 at 3-4. The court advised plaintiffs that the "declaration in support of any renewed motion must address this issue." Id. at 4. In the present motion, plaintiffs state only that they "had good faith to believe that the related case #08-4702 would be reversed by Ninth Circuit Court of Appeal, based on, but not limited to the credibility issues of intentional concealed, wrongful or false information from their declaration or deposition provided by individual defendants and

disclosed or non-disclosed witnesses." Dkt. 92 at 3.  While this explains that plaintiffs believed that the grant of summary judgment in their previous case would be reversed, it does not "explain how this case would likely be decided differently than their first case," as the court required.  Thus, the court cannot assess whether plaintiffs' claims in the present case have merit, which provides an independent basis for DENYING plaintiffs' renewed motion.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge