UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

_____/

No. C 10-4641 PJH

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

Before the court is plaintiffs' motion for leave to file a fourth amended complaint. Plaintiffs have actually filed two separate versions of their motion, and while there are slight differences between the two documents, they are substantially the same in substance, and they seek the same relief. See Dkt. 106, 111.

In each motion, plaintiffs argue that they are entitled to amend their complaint under Rule 15 because (1) "the court failed to follow the correct statute of limitations governing the underlying action," and (2) "opposing counsels intentionally or negligently failed to direct the court to the correct statute of limitations." See Dkt. 106 at 5-6; Dkt. 111 at 4. Plaintiffs argue that they need to file an amended complaint to present "facts showing the statute of limitations of section 1981, 1983, and 1991 have been legislatively extended from two years to four years." Dkt. 106 at 8-9.

Although the above-quoted portions of plaintiffs' motion suggest that plaintiffs seek to add only allegations that were previously held to be time-barred, other portions of plaintiffs' motion indicate that plaintiffs also seek to pursue new theories of relief. Whereas the first four versions of plaintiffs' complaint asserted only claims based on race and national origin discrimination, plaintiffs now also argue that "age is a factor of denying or not appointing APA [Asian Pacific Americans] employees" and "religious affiliation is a factor of denying or not promoting APA employees." Dkt. 106 at 8. The motion also makes a vague

reference to alleged gender discrimination. Dkt. 106 at 8. Thus, it appears that plaintiffs seek to add not only allegations that were previously found time-barred, but also allegations related to new theories of discrimination.

Defendant's opposition brief raises a number of objections to plaintiffs' request to amend the complaint. As a general matter, defendant points out that plaintiffs have not submitted a proposed amended complaint, even though Civil Local Rule 10-1 requires that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading." The court agrees that plaintiffs' failure to provide a proposed fourth amended complaint is fatal to their current motion, as it leaves the court with no way to determine whether plaintiffs' proposed amendments are allowable. For that reason alone, plaintiffs' motion must be denied. However, the court also finds it useful to address the specific arguments raised by plaintiffs, to avoid any future need to re-address issues that have already been decided.

As to the statute of limitations issue, defendant argues that plaintiffs "cite no case law to support that the statute of limitations of section 1983 or 1981 claims[1] has changed since the court's previous order."

Indeed, the court finds that plaintiffs provide no support for the argument that the statute of limitations for section 1981/1983 claims has been "legislatively extended." The Ninth Circuit has repeatedly held that California's statute of limitations for personal injury claims applies to federal civil rights claims under sections 1981 and 1983. See, e.g., Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000); Taylor v. Regents of University of California, 993 F.2d 710, 711 (9th Cir. 1993). California's statute of limitations for personal injury claims is two years. Cal. Code Civ. Proc. § 335.1.

Moreover, the court's previous dismissal order was based not only on statute of limitations grounds, but on res judicata grounds. Here, some background is necessary.

---

[1] Defendant includes a footnote explaining that plaintiffs' reference to a "section 1991" was likely an error, since 42 U.S.C. § 1991 relates to fees for service of process. The court similarly finds that plaintiff's reference was likely made in error.

2

This suit is the second discrimination suit filed by plaintiffs. The first, referred to as "Lam I," was filed on October 10, 2008, and was based on alleged race and national origin discrimination by defendant City and County of San Francisco. See Case No. 08-4702. On October 14, 2010, while Lam I was pending, plaintiffs filed the current suit, referred to as "Lam II." Like Lam I, Lam II also arises out of alleged race and national origin discrimination by defendant.

On April 13, 2012, the court granted summary judgment in favor of defendant in Lam I. Shortly thereafter, on May 1, 2012, defendant filed a motion to dismiss the complaint in this case, making two arguments: (1) that principles of res judicata barred the re-litigation of claims that were raised or could have been raised in Lam I, and (2) that the applicable statute of limitations barred claims arising before October 14, 2008 (two years before Lam II was filed).

The court granted in part and denied in part defendant's motion to dismiss on June 8, 2012. See Dkt. 49. By now arguing that "the court failed to follow the correct statute of limitations," it appears that plaintiffs are challenging that June 8, 2012 order by filing this motion. Indeed, plaintiffs argue in their motion that "the summary judgment[2] by this court on 6/8/2012 was based upon reversible errors." Dkt. 106 at 9.

As defendant notes, plaintiffs are essentially seeking reconsideration of the court's June 2012 order. While the untimeliness of this request would provide a sufficient basis for its denial, the merits of the request also provide basis for denial. Plaintiffs overlook the fact that the court's dismissal was primarily based on res judicata, which operates independently from any statute of limitations bar. In fact, the court expressly held that the statute of limitations was ultimately "of no consequence, given the other limitations imposed by the court." Dkt. 49 at 2.

Specifically, in its previous order, the court first found that plaintiffs' claims under

---

[2] Presumably, plaintiffs intended to refer to this court's dismissal order, even though they used the term "summary judgment."

3

section 1981 and 1983 were time-barred to the extent that they were based on conduct occurring before October 14, 2008 (two years before Lam II's filing). However, the court then found that any allegations that either were raised or could have been raised in Lam I were subject to res judicata. The court used the date of the last-filed complaint in Lam I as the dividing line to determine whether claims "could have been raised" in Lam I, and thus, found that any claims arising out of "conduct occurring prior to . . . February 22, 2010" were barred by res judicata. Dkt. 49 at 2. Thus, while the statute of limitations bars any conduct occurring before October 14, 2008, the res judicata bar provides an even stronger restriction, barring conduct occurring before February 22, 2010. The res judicata bar renders plaintiffs' statute of limitations argument moot. Plaintiffs' motion for leave to amend is DENIED, as any amendment to add conduct occurring before February 22, 2010 would be futile.

As mentioned above, plaintiffs also seek to add allegations relating to alleged age, gender, and religious discrimination. However, aside from the mere mention of these theories of relief, plaintiffs' motion contains no explanation of the alleged conduct underlying these theories. Plaintiffs provide no details regarding the alleged age/gender/religious discrimination – no description of the conduct, no dates, and no identification of the individuals who committed or who suffered the discrimination. For that reason, the court cannot determine whether the proposed allegations are futile, prejudicial, and/or the product of undue delay. In response to defendant's opposition, plaintiffs submitted a "supplemental brief" along with over 200 pages of exhibits, arguing that those exhibits "provide more than adequate information concerning the need of plaintiffs to submit the [fourth] amended complaint." Dkt. 113 at 2. However, plaintiffs cannot avoid the requirement to submit a proposed amended complaint by simply attaching hundreds of pages of exhibits and asking the court to sift through them looking for facts that might support a viable discrimination claim. Thus, to the extent that plaintiffs' motion seeks to add allegations regarding age/gender/religious discrimination, within the appropriate time frame from February 22, 2010 to the present, it is DENIED for failure to specify the factual

4

allegations underlying such claims and to provide a proposed amended complaint.

Plaintiffs' motion also raises two arguments unconnected to their statute of limitations argument or their age/gender/religious discrimination argument. First, plaintiffs argue that "newly discovered evidence has arisen since the initial filing on October 14, 2010." To the extent that plaintiffs seek to add after-arising facts, they essentially seek to supplement, not to amend, the complaint. Regardless of the form of plaintiffs' request, the court finds that plaintiffs have not adequately described the allegations that they seek to add to the complaint. Plaintiffs make a general reference to "systematic, ongoing, and continuous discrimination," but do not provide any specific facts. Thus, for the same reason as above, the court finds that plaintiffs' request to supplement their complaint with "new" facts that have not been provided must be DENIED.

Finally, without much explanation, plaintiffs argue that "recertification of a class action in the underlying action is necessary, due to the possibility of new victims coming forward, inconsistent judgments, judicial economy, and having plaintiffs too numerous to ascertain at the time of filing."

Given that a class has never been certified in this case, there is no way that the court could "recertify" a class. Instead, it appears that plaintiffs seek to amend their complaint to re-add class allegations. Plaintiffs' original complaint in this case, which was filed in pro per on October 14, 2010, was brought as a putative class action. However, after the court issued an order to show cause based on plaintiffs' failure to prosecute, plaintiffs retained an attorney, and on July 26, 2011, plaintiffs' counsel filed a first amended complaint, which did not assert any claims on behalf of a putative class. Plaintiffs' counsel then filed second and third amended complaints, neither of which contained class claims.

Having abandoned their class claims in July 2011, plaintiffs cannot revive them now, particularly given that plaintiffs are proceeding without counsel and unrepresented plaintiffs may not represent a class. See, e.g., C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in

propria persona has no authority to represent anyone other than himself").

**IT IS SO ORDERED.**

Dated: May 11, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge