UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiffs,

    v.

THE CITY & COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 10-cv-4641-PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the court is plaintiffs' motion for reconsideration of the order denying plaintiffs' motion to stay proceedings pending appeal. In the motion for reconsideration, plaintiffs address the four factors governing the issuance of a stay, which were set forth in the court's previous order. See Dkt. 127 (citing Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008)). Specifically, those four factors are (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies.

In their motion for reconsideration, plaintiffs do provide newly-cited case law that bears on the merits of their appeal. Specifically, whereas plaintiffs had previously provided no support for their argument that the statute of limitations for section 1981, 1983, and 1991[1] claims had been legislatively extended from two years to four years,

---

[1] The court assumes that the reference to "section 1991" claims was in error, as section 42 U.S.C. § 1991 governs fees for persons appointed to execute process.

1   they now cite a case that lends support to their position, at least as to the section 1981
2   claim. Johnson v. Lucent Technologies Inc., 653 F.3d 1000, 1008 (9th Cir. 2011). While
3   this case certainly bolsters their appeal, the court still finds that plaintiffs have fallen short
4   of a "strong showing that [they] are likely to succeed on the merits," because plaintiffs
5   failed to provide a proposed amended complaint along with their motion for leave to file a
6   fourth amended complaint, as required by Civil Local Rule 10-1. Indeed, by not
7   submitting a proposed amended complaint or even summarizing the newly-proposed
8   allegations, the court had no way of determining whether amendment would be futile or
9   otherwise improper under Federal Rule of Civil Procedure 15. Even more importantly,
10  it appears that the Ninth Circuit lacks jurisdiction over plaintiffs' appeal, as this court's
11  order denying leave to file a fourth amended complaint was not a final, appealable order.
12  Thus, despite the new citation to Johnson v. Lucent, the court still finds that plaintiffs
13  have not made a sufficient showing of likelihood of success on the merits.
14        Further, even if the court were to find that plaintiffs had shown a likelihood of
15  success on the merits, it still finds that the lack of any irreparable injury warrants against
16  a stay. As the court previously held, "[t]he only 'injury' that would result from denial of a
17  stay would be the requirement of plaintiffs' participation in the discovery process, hardly
18  an 'injury' (given that they filed this suit) nor 'irreparable.'" See Dkt. 127 at 2.
19        In their reconsideration motion, plaintiffs assert that they "will be irreparably injured
20  due to the financial, psychological, and emotion[al] impacts the decision would entail."
21  Dkt. 129 at 5-6. This argument does not address the question of how plaintiffs would be
22  harmed absent a stay, and addresses only the impact of an adverse decision on the
23  merits of their motion to amend the complaint. As mentioned above, absent a stay, the
24  only "injury" that would result is the requirement that plaintiffs participate in the discovery
25  process. That does not constitute "irreparable injury."
26        Accordingly, the court DENIES plaintiffs' motion for reconsideration.
27        **IT IS SO ORDERED.**
28

Dated: July 22, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge