UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALFRED LAM, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 4:10-cv-04641-PJH (LB)<br><br>**ORDER REGARDING THE PARTIES' DISCOVERY LETTER BRIEFS DATED JULY 8, 2015 AND JULY 16, 2015**<br><br>[Re: ECF Nos. 123, 128] |

**INTRODUCTION**

On July 8, 2015, the defendant City and County of San Francisco ("CCSF") filed a discovery letter brief. (Discovery Letter Brief, ECF No. 123.)[1] On July 16, 2015, the plaintiffs Alfred Lam and Paula Leiato filed a discovery letter brief in response. (Plaintiffs' Discovery Letter Brief, ECF No. 128.) The court held a discovery hearing on July 23, 2015, grants the CCSF's motion to compel, and orders the following discovery.

**ANALYSIS**

**I. DEPOSITIONS**

The court's order is that the plaintiffs must appear for their depositions. At the hearing, the

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.
Order (No: 4:10-cv-04641-PJH (LB))

parties discussed scheduling and agreed to work out a deposition schedule in the next week. The court informed each plaintiff that they must communicate with the CCSF's counsel to schedule depositions, address discovery and other case-management issues, and confer before raising any disagreements with the court. Ms. Leiato may not continue to communicate only through Mr. Lam, as the CCSF's counsel stated has been the case. She must communicate with the CCSF's counsel, too. Because the plaintiffs brought this lawsuit, they must participate in all aspects of it, including discovery. If they refuse to do so, they risk sanctions (including the sanction of dismissal of the case).

## II. INITIAL DISCLOSURES

Under Federal Rule of Civil Procedure 26(a)(1), a party to an action must make initial disclosures. Rule 26(a)(1)(A) states:

> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). In general, "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Fed. R. Civ. P. 26(a)(1)(C). A party also has an ongoing duty to supplement or correct the initial disclosures "in a timely manner if the party learns that in some material respect the

ORDER (No. 4:10-cv-04641-PJH (LB))

1  disclosure or response is incomplete or incorrect, and if the additional or corrective information
2  has not otherwise been made known to the other parties during the discovery process or in
3  writing." Fed. R. Civ. P. 26(e)(1)(A).

4  This lawsuit was filed in 2010, the parties had their Rule 26(f) conference years ago, and they
5  told the district court in a joint case-management-conference statement that they would serve their
6  initial disclosures on or before September 12, 2011. (*See* 9/1/2011 CMC Statement, ECF No. 21 at
7  5.) The plaintiffs apparently have not served theirs. At the hearing, the court ordered the plaintiffs
8  to serve their initial disclosures within two weeks (meaning, by August 3, 2015).

### III.  FAILURE TO RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

The CCSF first served its requests for production of documents on the plaintiffs in July 2012, and then it re-served them on the plaintiffs in June 2014 after the district court lifted the stay. (Discovery Letter Brief, ECF No. 123 at 3.) On December 1, 2014, more than 30 days beyond the time to respond, the plaintiffs responded with 500 pages and one document. (*Id.*) They also offered a boilerplate response that the discovery was burdensome and that they had already provided substantial documentation. (*Id.*).

The court finds that the plaintiffs' failure to timely respond means that they waived their right to object. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection."). And although some courts "read into Rule 34 the discretion granted under Rule 33(b)(4) (dealing with interrogatories) to excuse untimely objections to requests for production," Cal. Prac. Guide: Civ. P. before Trial § 11:1905 (The Rutter Guide 2015) (citing *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999)), and other courts have granted relief from such a waiver "upon a proper showing," *see id.* § 11:1906 (citing *In re Uranium Antitrust Litig.*, 480 F.

ORDER (No. 4:10-cv-04641-PJH (LB))

3

Supp. 1138, 1149 (N.D. Il. 1979)), the plaintiffs have not made (or tried to make) such a showing.

On this record, the court finds that the plaintiffs have waived their rights to object to CCSF's requests for production of documents. *See Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2015 WL 848554, at *1-2 (N.D. Cal. Jan. 28, 2015) (holding that a party who failed to timely respond to requests for production of documents waived his right to object to them). Therefore, they must fully respond to each request by August 3, 2015.

The one caveat is that the court does not have copies of the requests themselves. To the extent that they implicate medical records relevant to emotional distress (as the interrogatories addressed in the next section do), the court imposes limits on the production of medical information (as discussed in the next section).

**IV. DEFICIENT INTERROGATORY RESPONSES; MEDICAL RECORDS**

The CCSF first served special interrogatories on the plaintiffs in June 2012, and then it re-served them on the plaintiffs in June 2014 after the district court lifted the stay. (Discovery Letter Brief, ECF No. 123 at 4.) Interrogatory Nos. 10-12 state as follows:

> INTERROGATORY NO. 10: DESCRIBE all non-economic damages YOU have or will suffer as a result of wrongful conduct alleged in the COMPLAINT, including the dollar value of those damages and how computed.
>
> INTERROGATORY NO. 11: DESCRIBE all humiliation, embarrassment, mental anguish, and/or mental, emotional and physical distress, and discomfort YOU have or will suffer as a result of the wrongful conduct alleged in the COMPLAINT, including the dollar value of those damages and how computed.
>
> INTERROGATORY NO. 12: IDENTIFY every INDIVIDUAL and/or HEALTH CARE PROVIDER from which YOU have sought or received care, treatment or evaluation at any time for any injury YOU have or will suffer as a result of the wrongful conduct alleged in the COMPLAINT.

(*Id.*)

The plaintiffs did not timely respond to the interrogatories. *See* Fed. R. Civ. P. 33(b)(2) (the party to whom an interrogatory is directed must respond in writing within 30 days after being served). The plaintiffs finally responded in December 2014. With respect to Interrogatory Nos. 10-12, they offered the following identical response:

> Objection. The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. F.R.C.P. 26(b)(2)(C). Plaintiff has already provided substantial

ORDER (No. 4:10-cv-04641-PJH (LB))

4

>   documentation to demonstrate this and CCSF also has this documentation is [sic] their possession and control. However, where the Court grants leave of Court to allow the Fourth Amended Complaint to be admitted OR CCSF consents to this request in presenting the Court with the Fourth Amended Complaint, than this question will have a much more definitive answer.

(Discovery Letter Brief, ECF No. 123 at 4.)

The CCSF first argues that the plaintiffs waived their objections by not timely responding to the interrogatories. *See* Fed. R. Civ. P. 33(b)(4); *Davis*, 650 F.2d at 1160. Rule 33(b)(4), however, allows a court to excuse the failure to timely respond for good cause. In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. *See Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005); *see Karr v. Napolitano*, No. C 11-02207 LB, 2012 WL 1965855, at *5-6 (May 31, 2012) (applying these factors).

One issue is relevance. As always, the court must first determine whether the information sought is relevant. *See* Fed. R. Civ. P. 26(b) (Subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). The argument for relevance is that the plaintiffs assert damages for pain and suffering. (Third Amended Complaint, ECF No. 39 at 25.) Counsel for the CCSF pointed out that if the plaintiffs waived their emotional distress damages, she would withdraw the interrogatories. Mr. Lam at least suggested that he might. Counsel for the CCSF said that she had proposed waivers, and the court asks that she provide them immediately to the plaintiffs. If the plaintiffs waive emotional-distress damages, the CCSF will withdraw the interrogatories, and the plaintiffs need not answer them. The plaintiffs must either waive the damages or respond to the interrogatories by August 3, 2015.

Another issue is that Interrogatory No. 12 raises concerns about access to medical records that may be privileged. The interrogatory itself is not problematic: it asks the plaintiffs to identify medical providers who treated them and does not ask them to divulge any "confidential communications" with the providers. *See Stallworth v. Brollini*, 288 F.R.D. 439, 443 (N.D. Cal. 2012). But to the extent that the RFPs seek the medical records related to those examinations or

ORDER (No. 4:10-cv-04641-PJH (LB))

5

treatments, these likely are confidential, privileged communications. *See id.* at 442 (applying federal law of privilege when the evidence in question is relevant to both state and federal claims); *see also Jaffee v. Redmond*, 518 U.S. 1, 15, 18 (1996) (holding that the conversations between a patient and her psychotherapist, and the notes taken during their counseling sessions, are protected by the privilege). And generally, courts in this district quash subpoenas for medical records relevant to pain and suffering, even when the plaintiff alleges a stand-alone claim of infliction of emotional distress, so long as the plaintiff seeks only "garden variety" emotional distress damages and makes no claim for intentional infliction of emotional distress or negligent infliction of emotional distress. *See Stallworth*, 288 F.R.D. at 443-44 (collecting cases).

The court raised the issue of the appropriate scope of production (given the charges and claims for damages) with the parties at the hearing. The court anticipates that the CCSF's consideration of the standard and the parties' conference about the issue should resolve any dispute. That said, if there are any disagreements, the parties may raise them with the court via the joint-letter-brief process after conferring about the dispute first.

## CONCLUSION

The court grants the CCSF's motion to compel discovery subject to the conditions set forth in this order. This disposes of ECF Nos. 123 and 128.

**IT IS SO ORDERED.**

Dated: July 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 4:10-cv-04641-PJH (LB))

6