UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALFRED LAM, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 4:10-cv-04641-PJH (LB)<br><br>**ORDER REGARDING OUTSTANDING DISCOVERY DISPUTES**<br><br>[Re: ECF Nos. 148, 149, 150, 151, 152] |

The court held a discovery hearing on August 20, 2015 and issues this order to memorialize the matters discussed.

The parties must comply with the court's joint letter-brief procedures. As the court said in its order at ECF No. 147, the only exception is that if the court orders something (such as appearing at a deposition or responding to a discovery request), and a party fails to comply with that order, the other party may file a one-page letter brief to inform the court of the failure to comply with the order. It must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." (Not one of the parties' letters was filed properly.) The following are the rulings on the parties' disputes.

ECF No. 148: The court terminates this brief as moot because it was superseded by ECF No. 149.

Order (No: 4:10-cv-04641-PJH (LB))

1     <u>ECF No. 149</u>: The court's order at ECF No. 147 requires the parties' attendance at their scheduled depositions. That remains the order. Ms. Leiato's deposition may occur at the place that she is staying in Pittsburg. She must provide the address to the CCSF by noon on Friday, August 21, 2015, by calling 415-554-3915 and to the court by calling 415-522-3140. If she does not do so, the deposition will occur at Fox Plaza (as set forth in the deposition notice).

    <u>ECF No. 150</u>: The court denies the plaintiffs' motion to take 65 depositions. The plaintiffs are limited to 10 depositions. The parties must confer about the plaintiffs' suggestion to have deposition by written question. Further disputes must be submitted in a joint letter brief.

    <u>ECF No. 151</u>: The plaintiffs did not timely or appropriately serve their written discovery. The CCSF thus had no obligation to respond. The CCSF must review its Rule 26 disclosures to ensure that it has complied with its duty to supplement them under Rule 26(e). Because the case involves claims of discrimination based on a failure to promote, the review of personnel records ought to provide the plaintiffs the documentary landscape to be prepared for their depositions. And except for depositions and the ongoing duty to supplement Rule 26 disclosures. Fact discovery is closed.

    <u>ECF No. 152</u>: This duplicates ECF No. 150. The court denies it as moot.

    This disposes of ECF Nos. 148, 149, 150, 151, and 152.

**IT IS SO ORDERED.**

Dated: August 20, 2015

                                                LAUREL BEELER
United States Magistrate Judge