UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiffs,

    v.

THE CITY & COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 10-cv-04641-PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REVIEW TAXATION OF COSTS**

Before the court is plaintiff's motion to review the taxation of costs. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part plaintiff's motion, as follows.

**BACKGROUND**

On March 7, 2016, the court entered an order granting defendant's motion for summary judgment. On March 14, 2016, defendant filed a bill of costs, seeking reimbursement of $22,334.76. Plaintiffs filed objections on March 28, 2016, and on April 14, 2016, the Clerk of Court reduced defendant's requested costs by a total of $2,040.71, and taxed costs against plaintiffs in the amount of $20,294.05.

On April 21, 2016, plaintiffs filed a document entitled "notice of motion and motion objections to defendants' bill of cost," which the court construed as a motion to review taxation of costs, and for which the court set a briefing schedule. Defendant has now filed its opposition brief, and plaintiffs have filed a reply brief.

**DISCUSSION**

A.   Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  The U.S. Supreme Court has interpreted Rule 54(d) as "codif[ying] a venerable presumption that prevailing parties are entitled to costs."  Marx v. General Revenue Corp., 133 S.Ct. 1166, 1172 (2013); see also Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997).  The use of the word "should" in Rule 54(d) "makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."  Marx, 133 S.Ct. at 1172-73.

The losing party has the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (citing Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999)).  Generally, only misconduct "worthy of a penalty," an insignificant or nominal recovery, or the losing party's indigency will suffice.  Association of Mexican-American Educators v. State of Cal., 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc); see also Save Our Valley, 335 F.3d at 945 (Ninth Circuit has in past decisions considered factors including the losing party's limited financial resources, misconduct on the part of the prevailing party, the importance and complexity of the issues, the merit of the plaintiff's case, and the chilling effect on future civil rights litigants of imposing high costs).

If the district court wishes to depart from the presumption in favor of awarding costs, it must "specify reasons" for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."  Mexican-American Educators, 231 F.3d at 591-93.  Although a district court must "'specify reasons' for its refusal to tax costs to the losing party," a court need not specify reasons for its "decision to abide the presumption and tax costs to the losing party."  Save Our Valley, 335 F.3d at 945 (citing Association of Mexican-American Educators,

1  231 F.3d at 591) ("The presumption itself provides all the reason a court needs for

2  awarding costs, and when a district court states no reason for awarding costs, [the

3  reviewing court] will assume it acted based on that presumption.").

4  District courts may consider a variety of factors in determining whether to exercise

5  their discretion to deny costs to the prevailing party. Association of Mexican-American

6  Educators, 231 F.3d at 592-93. A court abuses its discretion by awarding costs only in

7  the "rare occasion" where "severe injustice will result from an award of costs," and the

8  court does not conclude that the presumption in favor of awarding costs has been

9  rebutted. Save Our Valley, 335 F.3d at 945.

10  B.  Legal Analysis

11  Plaintiffs' motion largely makes the same arguments that were raised in their

12  objections to defendant's bill of costs. The arguments are, in large part, very generalized

13  – arguing that the court should exercise its discretion to not award costs, arguing that

14  defendants have unclean hands, and arguing that large portions of the depositions were

15  dominated by defendants' counsel's objections. Plaintiffs do present a list of specific

16  reasons for granting their motion: "(a) only reasonable costs may be recovered and this

17  court has the discretion to refuse or apportion costs as appropriate, (b) any of

18  defendants' improper claims for expedited service of process fees should be denied, (c)

19  defendants' excessive claims for transcript costs should be denied, and (d) defendants'

20  excessive claims for photocopying should be denied." Finally, plaintiffs argue that a costs

21  award would impose a hardship on them.

22  In general, the court finds that plaintiffs' arguments do not overcome the

23  presumption that the prevailing party is entitled to costs. A number of plaintiffs'

24  arguments are conclusory – for instance, that defendants have unclean hands – and the

25  others simply fail to meet the standard of showing that defendant has engaged in

26  misconduct "worthy of a penalty." However, there is one category of costs that are not

27  warranted.

28  The case law in this district is fairly clear that "costs for expedited transcripts are

not recoverable." Apple Inc. v. Samsung Electronics Co., Ltd., 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014); see also Hesterberg v. United States, 75 F.Supp.3d 1220, 1225 (N.D. Cal. 2014 ("It is well established in this district that 'expedited delivery charges for deposition transcripts are not allowable'"); City of Alameda v. Nuveen, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012).  Included within the bill of costs is a total of $5,316.27 for expedited deposition transcripts[1], and under the law of this district, the court finds that these costs are not recoverable.  Accordingly, plaintiffs' motion to review the taxation of costs is GRANTED to the extent that it seeks to reduce the costs award to remove the expedited transcript costs, but DENIED on all other grounds.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to review the taxation of costs is GRANTED in part and DENIED in part.  The costs awarded for transcripts shall be reduced by $5,316.27, resulting in a total costs award to defendant in the amount of **$14,977.78**.

**IT IS SO ORDERED.**

Dated:  May 19, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] This figure includes $687.06 for the expedited transcript of the deposition of John Radogno, $501.93 for the expedited transcript of the deposition of Dennis Doyle, $513.81 for the expedited transcript of the deposition of Mildred Singh, $457.38 for the expedited transcript of the deposition of Toni Ratcliff-Powell, $798.93 for the expedited transcript of the deposition of Greg Foote, $308.88 for the expedited transcript of the deposition of Christopher Baldwin, $507.87 for the expedited transcript of the deposition of Robert Taylor, $310.86 for the expedited transcript of the deposition of Tamara Ratcliff, $310.00 for the expedited transcript of the deposition of Allen Nance, and $919.55 for the expedited transcript of the deposition of Luis Recinos.  See Dkt. 209, Ex. B.