UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiffs,

    v.

THE CITY & COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 10-cv-04641-PJH

**ORDER DENYING MOTION TO RECONSIDER TAXATION OF COSTS**

Re: Dkt. No. 228

    Before the court is a motion by plaintiffs Alfred Lam and Paula Lieto ("plaintiffs") seeking reconsideration of the court's order on the taxation of costs. Dkt. 228. Having reviewed the papers, and good cause appearing, the court hereby DENIES the motion.

    On March 7, 2016, the court granted summary judgment to defendants on all claims in this workplace discrimination case. Dkt. 204. Plaintiffs filed both an appeal and a motion for reconsideration of the judgment. Dkt. 211, 212. In light of the appeal, the court denied a prior motion for reconsideration, which it construed as a Rule 59/60 motion, for lack of jurisdiction on April 7, 2016. Dkt. 214.

    On March 14, the defendants filed a bill of costs, seeking $22,334.76. Plaintiffs objected, and the Clerk taxed costs in the amount of $20,294.05 on April 14. Dkt. 215. Plaintiffs then filed a motion objecting to the bill of costs, which the court construed as a motion seeking review of the Clerk's taxation of costs under Federal Rule 54(d)(1). Dkt. 218. The matter was briefed, and on May 19 the court issued an order granting the motion in part, and reducing the cost taxation to $14,977.78 because costs for expedited transcripts were not recoverable. Dkt. 226.

Plaintiffs now bring a "motion for reconsideration" of the May 19 order on taxation of costs, purportedly pursuant to Federal Rules of Civil Procedure 59(b), 59(e), and 60(b). Rules 59(b), 59(e) are not applicable here, as plaintiffs do not seek a new trial or to alter a judgment, and none of the grounds listed in Rule 60(b) apply here. Local Rule 7-9(a), governing motions for reconsideration, applies only to interlocutory orders prior to judgment, and the plaintiffs have not sought leave of the court to file such a motion.

Accordingly, the court will construe the motion is as made pursuant to Federal Rule 54(d)(1) to review the clerk's taxation of costs. However, as the plaintiffs have already made such a motion, see Dkt. 217, the instant motion is therefore both repetitive and untimely. This is the plaintiffs' third attempt to object to the taxation of costs. They achieved a reduction from the Clerk, Dkt. 215, and a further reduction from the court in its May 19 order. Dkt. 226. There is no procedural basis to reconsider the court's prior order, and for good reason: the court has already reviewed and ruled on the matter. The motion for reconsideration is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 18, 2016.

_____
PHYLLIS J. HAMILTON
United States District Judge